United States District Court
Southern District of Texas
FILED
JUN 02 2016
Clerk of Court

United States District Court
Southern District of Texas
ENTERED
June 03, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GUSTAVO LOPEZ MIRELES<br>    Petitioner | §<br>§<br>§<br>§ | |
| vs. | §<br>§<br>§ | CIVIL ACTION NO. M-15-255 |
| WILLIAM STEPHENS, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, CORRECTIONAL<br>INSTITUTIONS DIVISION<br>    Respondent | §<br>§<br>§<br>§<br>§ | |

## REPORT & RECOMMENDATION

Petitioner, a state prisoner proceeding pro se and in forma pauperis, filed an application for relief pursuant to 28 U.S.C. § 2254. (Dkt. Entry No. 1.) Pending before the Court is Respondent's Motion for Summary Judgment with Brief in Support. (Dkt. Entry No. 22.) Petitioner filed a response to the motion. (Dkt. Entry No. 24.) Pending also is Petitioner's motion for summary judgment on the merits of his claims. (Dkt. Entry No. 6.) This case is ripe for disposition on the record.

After careful review of the record and the applicable law, the undersigned respectfully recommends that Petitioner's Motion for Summary Judgment (Dkt. Entry No. 6) be **DENIED**, Respondent's Motion for Summary Judgment (Dkt. Entry No. 22) be **GRANTED** to the extent it is consistent with this Report, Petitioner's claims under 28 U.S.C. § 2254 be **DISMISSED** with prejudice, and this case be closed.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and parties, as Petitioner was convicted in Hidalgo County, Texas. *See* 28 U.S.C. §§ 2241; 2254.

## II. OVERVIEW

Petitioner is currently imprisoned in a TDCJ-CID facility, pursuant to a criminal judgment entered in the 332nd Judicial District Court of Hidalgo County, Texas. (Dkt. Entry No. 22 at 2.)[1] In the criminal proceeding, Petitioner was convicted by a jury of murder and sentenced to life imprisonment. (*Id.* at 3.)

In this instant habeas action, Petitioner does not raise claims concerning the outcome of his criminal case in the state courts. Rather, he collaterally attacks the state courts' refusal to convene a court of inquiry under Chapter 52 of the Texas Code of Criminal Procedure, *see* Tex. Code Crim. Proc. arts. 52.01–.09, based on Petitioner's assertion that there is probable cause to believe the investigators and technicians who handled and processed the DNA evidence in his criminal case—and, relatedly, the state prosecutors and trial court—violated Texas criminal laws by falsifying, tampering with, and misrepresenting the forensic evidence in his criminal case and allowing it to be admitted at trial.[2] (*See, e.g.*, Dkt. Entry No. 1 at 14–18.)

Petitioner's motion to convene a court of inquiry was handled by the 139th District Court of Hidalgo County, Texas. *See Mireles v. State*, No. 13–14–00497–CR, 2014 WL 5065719, at *1 (Tex.

---

[1] Page numbers refer to the electronically-assigned (PDF) page numbers upon opening the entire document in CM-ECF.

[2] Petitioner proceeds pro se in this case. Pro se pleadings are held to less stringent standards than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Pleadings filed by a pro se litigant are entitled to a liberal construction. *United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997)

2

App.—Corpus Christi 2014) (not designated for publication). The trial court denied Petitioner's motion, concluding that no substantial facts established probable cause to conduct a court of inquiry. *See id.* Texas's Thirteenth Court of Appeals dismissed the direct appeal from that ruling due to its lack of jurisdiction. *Id.* The Texas Supreme Court denied Petitioner's request for review, and the Texas Court of Criminal Appeals denied Petitioner's request for leave to seek a petition for writ of mandamus, in which he requested that a court of inquiry be convened. (*See, e.g.*, Dkt. Entry No. 1 at 3.) This federal action followed, and Respondent does not contest its timeliness. (*Id.* at 4.)

### III. RELEVANT LAW & CONCLUSIONS

Under Texas law, "[w]hen a district judge, acting in her capacity as magistrate, has probable cause to believe an offense has been committed against the laws of this state, she may request that the presiding judge of the administrative judicial district appoint a district judge to commence a court of inquiry." *In re Smith*, 366 S.W.3d 268, 270 (Tex. App.—Tyler 2012, orig. proceeding) (citing Tex. Code Crim. Proc. Ann. art. 52.01(a) (West 2006)). "A court of inquiry is a criminal proceeding authorized by and conducted according to Chapter 52 of the Texas Code of Criminal Procedure." *Id.*

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68; *see also* 28 U.S.C. § 2254(a) (stating that a "district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). As stated by the Fifth Circuit, a federal courts "do[es] not sit

as a super state supreme court" to review errors under state law in a § 2254 proceeding. *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991) (citation omitted).

The undersigned finds that Petitioner's claims do not entitle him to federal habeas relief under 28 U.S.C. § 2254. Petitioner raises four habeas claims —all of which argue that the state courts abused their discretion and failed to honor Texas law by denying his request to convene a court of inquiry. (*See* Dkt. Entry No. 1 at 6–7.)[3] The undersigned concludes that Petitioner's claims concern only state-court rulings on a state-law matter. A "criminal proceeding authorized by and conducted according to Chapter 52 of the Texas Code of Criminal Procedure," *In re Smith*, 366 S.W.3d at 270, is a creature of Texas law and does not implicate federal law or the U.S. Constitution, and the state courts' rulings on Petitioner's request to convene a court of inquiry are not reviewable by this Court because federal courts do not "reexamine state-court determinations on state-law questions" under § 2254, *McGuire*, 502 U.S. at 67–68. Although Petitioner alleges that his due process rights under the U.S. Constitution were violated when the state courts refused to convene a court of inquiry pursuant to his request, his allegations are conclusory and, regardless, "implicate" nothing more than state law for the purposes of this habeas action. (*See id.*) *Cf. Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (explaining that, when looking at whether due process under the U.S. Constitution is implicated, "[w]e first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient"). Notably, Petitioner is not asking this Court to decide whether his "conviction violated the Constitution, laws, or treaties of the United States." *McGuire*, 502 U.S. at

---

[3] Petitioner reiterates these same arguments in his response to Respondent's summary judgment motion. (*See* Dkt. Entry No. 24.)

67–68. Rather, Petitioner is asking this Court to decide whether Texas courts "abused their discretion" in applying Texas law and, if so, for this Court to compel a Texas court to conduct a court of inquiry under state law. (*See, e.g.*, Dkt. Entry No. 1 at 28.) Petitioner's grounds and proposed remedy underscore the state-law character of his claims, and they simply do not come within the purview of federal habeas review and relief. *See, e.g., Dickerson*, 932 F.2d at 1145 (stating that a federal court does not act as a "super state supreme court" to review errors under state law in a § 2254 proceeding).

Because Petitioner is not entitled to habeas relief, Respondent's motion for summary judgment should be granted and Petitioner's motion for summary judgment should be denied.

## IV. CONCLUSION

### *Recommended Disposition*

After careful review of the record and the applicable law, the undersigned respectfully recommends that Petitioner's Motion for Summary Judgment (Dkt. Entry No. 6) be **DENIED**, Respondent's Motion for Summary Judgment (Dkt. Entry No. 22) be **GRANTED** to the extent it is consistent with this Report, Petitioner's claims under 28 U.S.C. § 2254 be **DISMISSED** with prejudice, and the case be closed.

The undersigned also respectfully recommends that the District Court deny a Certificate of Appealability upon issuance of a final adverse order in this section 2254 proceeding. The undersigned finds that the record supports the conclusion that Petitioner fails to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing 28 U.S.C. § 2253(c)).

*Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's objections within 14 days after being served with a copy thereof. The district judge to whom this case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to the parties by any receipted means.

**DONE** at McAllen, Texas, this 2nd day of June, 2016.

Dorina Ramos
UNITED STATES MAGISTRATE JUDGE