United States District Court
Southern District of Texas
**ENTERED**
August 24, 2017
David J. Bradley, Clerk

FILED
AUG 24 2017
, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GUSTAVO LOPEZ MIRELES<br>Petitioner | §<br>§<br>§<br>§ | |
| vs. | §<br>§<br>§ | CIVIL ACTION NO. M-15-255 |
| LORIE DAVIS, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, CORRECTIONAL<br>INSTITUTIONS DIVISION<br>Respondent | §<br>§<br>§<br>§<br>§ | |

## REPORT & RECOMMENDATION

Pending before the Court is Petitioner's motion for leave to proceed in forma pauperis ("IFP") on appeal from the Court's dismissal of his claims pursuant to 28 U.S.C. § 2254. (D.E. No. 34.) This motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

Having considered Petitioner's pleadings, the record, and the relevant law, the undersigned respectfully recommends that Petitioner's motion for leave to proceed IFP on appeal be **DENIED** because Petitioner's notice of appeal is untimely under Rule 4(a) of the Federal Rules of Appellate Procedure—no matter how the notice of appeal is construed under Rule 4(a), and Petitioner fails to meet the requirements for any other avenue provided under Rule 4(a).

### I. FINDINGS & RELEVANT LAW

On September 30, 2016, this Court's dispositive order denying and dismissing Petitioner's claims was entered on the docket. (D.E. No. 30.) The docket reflects that the parties were notified of the Order. (*See id.*) On or around January 4, 2017, Petitioner sent a letter to the Clerk of the

Court inquiring about the status of his case. (D.E. No. 31.) On or around June 12, 2017, Petitioner filed a combined Notice of Appeal and Request for a Certificate of Appealability. (D.E. No. 32.) On or around July 3, 2017, Petitioner filed an application for leave to proceed IFP on appeal, along with a copy of his prisoner trust account statement and a personal declaration describing the procedures he followed to obtain his financial information and the time it took.[1] (D.E. Nos. 34–36.)

Pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, Petitioner had 30 days from the date of entry of the order disposing of his case to file timely notice of appeal. Petitioner did not file notice of appeal within that time frame. Pursuant to Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure, a district court may extend the time to file notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause. Petitioner did not file a motion to extend the time for filing notice of appeal under Rule 4(a)(5)(A).

Pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure, a district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after

---

[1] According to Petitioner's declaration, he started requesting his financial information on June 26, 2017. (D.E. No. 36 at 1, ¶ 2.)

the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and,

(C) the court finds that no party would be prejudiced.

Petitioner did not file a motion to reopen the time to file an appeal under Rule 4(a)(6). Moreover, by the time Petitioner filed his notice of appeal, even if it is liberally construed as a motion to reopen the time to file an appeal, the later period of time under Rule 4(a)(6)(B)—180 days—had already elapsed.[2] The Court's order denying and dismissing Petitioner's claims was entered on September 30, 2016. (D.E. No. 30.) On or around June 12, 2017, Petitioner filed notice of appeal. (D.E. No. 32.) Putting aside the question of whether the other conditions of Rule 4(a)(6) are met, Petitioner filed his notice of appeal many months after the expiration of the 180-day window, which is the outer-most limit for filing a motion to reopen under Rule 4(a)(6)(B), which means the Court does not possess the authority under the law and facts of this case to reopen the time to appeal under Rule 4(a)(6). *See, e.g.*, FED. R. APP. P. 77(d)(2) ("Lack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).").

Accordingly, Petitioner's motion for leave to proceed IFP on appeal should be denied because his notice of appeal is untimely under every possible provision or avenue under Rule 4(a), no matter how his notice of appeal is construed under Rule 4(a).

## II. CONCLUSION

### *Recommended Disposition*

Having considered Petitioner's pleadings, the record, and the relevant law, the undersigned

---

[2] The 180-day window closed near the end of March 2017.

respectfully recommends that Petitioner's motion to proceed IFP on appeal be **DENIED** for the reasons explained in this Report.

*Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's objections within 14 days after being served with a copy thereof. The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to the parties by any receipted means.

**DONE** at McAllen, Texas, this 24th day of August, 2017.

*Dorina Ramos*
Dorina Ramos
UNITED STATES MAGISTRATE JUDGE